No. 19,058.

JACKSON ENTERPRISES, INC., ET AL. *v.*
JAMES B. MAGUIRE, ET AL.
(355 P. [2d] 540)

Decided September 26, 1960.

Messrs. PETERSEN, EVENSEN & EVANS, for plaintiffs in error.

Messrs. LATTIMER & ROBB, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

PLAINTIFF in error Jackson Enterprises was defendant in the trial court and was the seller in the transaction under review. The defendant in error Mrs. Carlson was the buyer. She instituted this action to reform certain written contracts and instruments executed in connection with the purchase by her of the Del Motel in Canon City.

The original contract between these parties was a purchase and sale agreement dated April 28, 1956, whereby the seller undertook to sell and convey to the buyer for a total purchase price of $55,000 the Del Motel in Canon City. In lieu of a down payment, the buyer mortgaged to seller certain property in Galva, Illinois, consisting of a farm, a restaurant, a filling station and a house. It was contemplated that the Illinois property would be sold and the proceeds used as a down payment on the motel. The buyer was required to pay the sum of $5,000 on May 1, 1957, which sum was an annual payment, and also to pay $10,000 on that day, which sum was the amount of the down payment.

The Illinois property was not sold and the buyer failed to make the payments required. Thereafter, on June 29, 1957, the motel was conveyed to the buyer and a note and deed of trust executed in lieu of the contract. In connection therewith, she executed and delivered to the seller two warranty deeds dated June 25, 1957, conveying all of her property in Galva, Illinois. In connection with these conveyances, a settlement sheet, Exhibit 2, dated June 24, 1957, was prepared in which a credit was given to the buyer in the amount of $18,500 based on the conveyance of the Galva, Illinois, properties. The promissory note was in the amount of $39,465.25 and represented the balance remaining unpaid as set forth in the settlement sheet. It required payment of in-

stallments in the amount of $700 per month during the tourist season and installments of $100 per month during the remainder of the year.

Mrs. Carlson failed to fulfill the terms of the note and as a result foreclosure proceedings were commenced through the Public Trustee of Fremont County. The property was sold at Trustee's Sale to the defendant-seller, but just prior to the time when seller would have been entitled to a trustee's deed, the instant action was filed seeking specific performance of the original purchase and sale contract, a decree nullifying the promissory note and the deed of trust given pursuant thereto, demanding credit upon the promissory note in the sum of $6500 on the theory that the seller had in fact orally agreed to credit the buyer in the amount of $25,000 rather than the $18,500 set forth in the settlement sheet. The buyer also sought damages in the amount of $5,000 representing the market value of her home in Galva, Illinois. She claimed that this conveyance was the result of mutual mistake; that the only property which she had intended to convey was the filling station, farm and restaurant in Galva, Illinois; that to the knowledge of seller she had not intended to convey her home.

Trial was had to the court and judgment was entered in favor of the seller with the exception that relief was granted to the buyer on her claim that her home had been conveyed as a result of mutual mistake. On this point the court found that the seller's agent had obtained a legal description of all of the property over the telephone and that all of this description had been set forth in a subsequent agreement submitted for a Power of Attorney; that Mrs. Carlson had refused to give the Power of Attorney because it included the house; that at this time the buyer made it very clear that she did not intend to transfer the house; that thereafter the house was included by the seller in the description contained in the various documents only because it had been

first included and that this was done without the knowledge or consent of plaintiff-buyer.

The specific finding of the trial court pertaining to the question in issue reads as follows:

"With respect to the Illinois property it appears that in the first instance, Jackson's agent obtained a legal description of the property, then owned by Mrs. Carlson in Galva, Illinois, including the home, to be included in an agreement for the purchase of the Del Motel in Canon City. But nothing came of that transaction and it appears from the evidence that this same description, including the home, was included in a subsequent agreement for a power of attorney which Mrs. Carlson refused to sign for the reason that it included the home which, as she says, she had no intention of selling and that its being included in these later transactions was only because it had been first included in the original description which Mr. Longfield obtained and which without her knowledge and consent was carried in subsequent documents.

"We think the evidence sustains her contention in this respect and that the home should not have been included in the description conveying the property to Jackson Enterprises, Inc. It now appearing that the home has been sold and disposed of and cannot be returned to her and that she is entitled to Judgment against the Jackson Enterprises, Inc., for the value of the same which was set at between $4,500.00 to $5,000.00, and which the Court finds at $4,750.00."

In seeking a review and reversal, the seller contends that there is a dearth of evidence to establish a mutual mistake — that the seller at all times intended to include the Galva, Illinois, house and that at most it was a unilateral mistake. It is further argued that a contract cannot be reformed unless the evidence of mutual mistake is clear, unequivocal and beyond a reasonable doubt.

The seller relies on the principle that reforma-

tion is an equitable remedy which is available only upon an extraordinary showing. It is said that the evidence must satisfy the standard of "clear and convincing" and that proof to the extent of a mere probability or preponderance is insufficient. *Wilson v. Morris,* 4 Colo. App. 242, 36 Pac. 248; *Gibbs v. Wallace,* 58 Colo. 364, 147 Pac. 686; *Anderson v. Juanita Co.,* 83 Colo. 562, 267 Pac. 400. See also 5 *Williston on Contracts* 4450, Sec. 1597; *Restatement Contracts,* Sec. 511. Although it is not clear from a perusal of the finding that the trial court followed the "clear and convincing" standard of proof required, we must presume that the correct standard was used. Cf. *New York Life Insurance Co. v. Fukushima,* 74 Colo. 236, 220 Pac. 994; 20 Am. Jur. 173, 174, Secs. 168, 169. See also *Consolidated Placers v. Grant,* 48 N.M. 340, 151 P. (2d) 48, wherein it is said:

"There is no merit in appellant's point seven, to-wit: 'The court erred in refusing appellant's conclusions of law that the burden was on the appellee to establish the existence of fraud and that the existence of fraud must always be proved distinctively and satisfactorily by clear and convincing evidence and that the law always presumes in favor of honesty.'

"This, no doubt, is a correct statement of the law, and we must assume that the trial court so understood and correctly applied the rule as to the burden of proof in the trial of this case. It was unnecessary for the court to state the conclusion requested and no error may be predicated upon its refusal to so do."

The trial court heard the witnesses, and evaluated the testimony and since there is evidence in the record in support of the court's finding, we are not at liberty to nullify its express determination that a mistake occurred. This was expressed in *Nixon v. Harmon,* 17 Colo. 276, 29 Pac. 808, a reformation case in which the Court's comments are fully applicable:

"In the absence of a showing to the contrary we must assume that the district judge properly understood the

quantum of proof required to sustain a suit of this nature. It cannot be denied that the evidence tended to support the complaint. A jury having been expressly waived by the parties, the credibility of the witness and the weight to be given to the testimony of each was for the court below to determine. And we see no legal reason for interfering with the conclusion."

█ The emphasis in the finding is that the buyer brought to the attention of the seller the fact that she had no intention to transfer her home, but that the seller nevertheless included its legal description in the deeds it prepared for the signature of the buyer. The court apparently applied the principle that one party can not knowingly take advantage of the mistake of the other party to the contract. This is succinctly stated in *Restatement of Contracts,* Sec. 505, as follows:

"Except as stated in §§ 506, 509-511, if one party at the time of the execution of a written instrument knows not only that the writing does not accurately express the intention of the other party as to the terms to be embodied therein, but knows what that intention is, the latter can have the writing reformed so that it will express that intention."

Being of the opinion that the finding and conclusion of the trial court cannot be justifiably set aside, it follows that the judgment must be affirmed.

MR. JUSTICE HALL and MR. JUSTICE DAY concurring.