**People of the State of Illinois, Plaintiff-Appellee, v. Louis Davis, Defendant-Appellant.**

**Gen. No. 54,032.**

First District, Fourth Division.

May 27, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael D. Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant was convicted after a jury trial of the offense of armed robbery. Judgment was entered and he was sentenced to a term of three to seven years.

Defendant asks that the judgment be reversed and the cause remanded for a new trial because of the following trial errors: (1) the trial court erred in allowing the State to introduce hearsay evidence which made it appear that complainant's identification testimony had been corroborated; (2) the defense was improperly restricted from discrediting the testimony of a State's witness; and (3) the closing argument of the prosecutor was improper and prejudicial.

Defendant does not challenge the sufficiency of the evidence. Therefore the facts may be briefly summarized. On July 2, 1967, the complainant, Shirley Farrow, entered the elevator of her building about 6:30 a. m. A man, later identified as the defendant, entered the

elevator at the same time. The light was on inside the elevator and she could see the man's face. As the door closed the defendant pulled the emergency bell and threatened complainant with a knife. The knife was held next to her neck. Defendant told her not to scream or he would kill her. He took a $10 bill out of complainant's wallet which she had been holding in her hand. Defendant also took a $5 bill and two $1 bills from complainant which were hidden in her bra. Defendant then fled.

Complainant called the police and two officers arrived at approximately 6:45 a. m. She described the incident and the assailant and told the officers she could identify the assailant. The officers asked her to accompany them in the squad car while they searched the neighborhood. As they cruised the area complainant saw the defendant on the street and she immediately identified him as the person who had robbed her.

Defendant was arrested and a search of his person revealed a brown-handled knife which complainant said was the knife used in the robbery. One of the arresting officers, Officer McKinley, also testified that defendant carried $17 and some change. He had one $10 bill, one $5 bill and two $1 bills along with the change. The officer further testified that at the police station the complainant told defendant, "You are the man that robbed me." Defendant asked her, "Why do you want to do this to me?" and he offered complainant up to $200 not to sign the complaint and drop the charge.

Defendant's grandmother testified that the defendant was at her home at the time the crime was committed.

■ Defendant contends that the trial court erred in allowing the State to introduce hearsay evidence which made it appear that complainant's identification testimony had been corroborated. Defendant points out that each of the arresting police officers testified that as complainant viewed defendant from the squad car as they

cruised the neighborhood she had said, "That's the man."
However, no objection was made to this testimony during
the trial. As this court stated in People v. Cobb, 52 Ill
App2d 332, 340, 202 NE2d 56:

> Timely objection to hearsay statements must be
> made at trial and cannot be raised for the first time
> at the appellate level. People v. Trefonas, 9 Ill2d
> 92, 98, 136 NE2d 817.

See also People v. Griswold, 100 Ill App2d 436, 241 NE
2d 212.

Defendant next contends that the defense was improp-
erly restricted from impeaching the testimony of a
State's witness. Defendant argues that the arresting of-
ficers' written statements were inconsistent and should
have been allowed into evidence. Officer McKinley, one
of the arresting officers, testified that he had made two
prior written statements, a police robbery case report
and a prep sheet.* During cross-examination defense
counsel was allowed to read to the jury inconsistent
statements from these documents but he was not allowed
to introduce them into evidence. Prior to defense coun-
sel's closing argument the court admonished him not to
deliberately and openly read from these documents since
they had not been allowed into evidence. However, the
court did allow counsel to refer to them in closing argu-
ment by summarizing the inconsistent statements.

The State argues that no prejudice accrued to defend-
ant by the exclusion of the police report and prep
sheet since counsel read the inconsistent statements to
the jury and summarized them during closing argument.
Furthermore, the State points out that defendant had al-

---

* A prep sheet (short for preparation sheet) is a statement
given by a witness outside the Grand Jury room to a State's
Attorney's stenographer. These "prep" sheets are brief sum-
maries of a witness' testimony before the Grand Jury and are
used by the State's Attorney to prepare for trial.

117

ready rested his case when he attempted to introduce the two documents into evidence. As the trial record shows, the documents were offered into evidence soon after the defense had rested. However, defendant claims that nothing had occurred since the time he had rested, and that no prejudice would have resulted from allowing him to introduce the documents into evidence at the time they were offered.

It is within the sound discretion of the trial court whether a case may be reopened for further evidence and this discretion will not be interfered with except where clear abuse or prejudice to defendant is shown. People v. Franceschini, 20 Ill2d 126, 169 NE2d 244; People v. Kelly, 378 Ill 273, 38 NE2d 9; People v. Simpson, 76 Ill App2d 441, 222 NE2d 102; and People v. Hill, 61 Ill App2d 16, 208 NE2d 874. We find that the trial court did not abuse its discretion when it denied defendant's motion to introduce the two documents into evidence after defendant had rested his case. We further find that defendant was not prejudiced by the court's action since the inconsistent statements were read to the jury and the court allowed counsel to summarize these statements during closing argument.

Defendant also contends that the court prevented him from discrediting the testimony of Officer McKinley when it sustained objections to defendant's cross-examination of Officer Joseph. This officer was asked whether he had a conversation with McKinley concerning McKinley's testimony on the preceding trial day. Defendant suggests that in this conversation Officer McKinley might have attempted to influence Officer Joseph to change his testimony. It would have been proper to allow defendant's counsel to inquire about the conversation between the officers. (West Chicago St. R. Co. v. Byrne, 85 Ill App 488.) However, as stated in People v. Kirkwood, 17 Ill2d 23, 33, 160 NE2d 766:

118

■

Where it appears that the errors in the record could not have reasonably affected the result, the judgment of conviction should be affirmed. (People v. Lopez, 10 Ill2d 237; People v. Sleezer, 9 Ill2d 57; People v. Henry, 3 Ill2d 609.)

■ In view of complainant's testimony, which was positive and unshaken, we believe the court's ruling could not have reasonably affected the jury's verdict.

■ Defendant's final contention is that the prosecutor's closing argument was improper and prejudicial. Defendant cites several remarks of the prosecutor which he alleges were improper and prejudicial to his case. One such remark by the prosecutor was that it was a fairly common tactic for defense counsel to try the police officers rather than the defendant. We find that this remark could not have been a material factor in defendant's conviction. Therefore, it does not justify a reversal of the judgment. People v. Nilsson, 44 Ill2d 244, 255 NE 2d 432.

■ The remaining remarks cited by defendant were not objected to in the trial court. Accordingly the alleged errors, if any, were waived. People v. Hampton, 44 Ill2d 41, 253 NE2d 385.

The judgment is affirmed.

Affirmed.

ENGLISH and LEIGHTON, JJ., concur.