FRED SCHWARTZ, Plaintiff-Appellant, *v.* THE ALTON AND SOUTHERN RAILWAY COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 75-223

Opinion filed May 18, 1976.

Chapman & Chapman, Chartered, of Granite City (Gary E. Peel, of counsel), for appellant.

Robert W. Wilson and R. Frederick Melin, both of Burroughs, Simpson, Wilson, Hepler & Broom, of Edwardsville, for appellee Pacific Fruit Express Company.

John B. Gunn and Donald J. Dahlmann, both of Walker & Williams, of Belleville, for appellee Alton and Southern Railway Company.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff brought suit to recover for injuries received on May 27, 1970, during the course of his employment for Golden Dipt Company. Plaintiff attempted to close a door on a refrigerated railroad car owned by defendant Pacific Fruit Express, and supplied by defendant Alton and Southern Railway Company, by stepping across a space between a dockside and the car with one foot, placing it upon a closing lever and applying force. The lever gave under the force applied, failed to seat itself in a keeper into which plaintiff was attempting to force it, and plaintiff fell, sustaining injury to his shoulder. Defendant Pacific Fruit Express was charged with negligence in allowing a defective car to be transported, negligence in failing to warn plaintiff of defects, negligence

in failing to inspect for defects and negligent failure to keep the car in proper repair. Plaintiff charged defendant Alton and Southern Railway with negligence in transporting a defective car to plaintiff's employer, and negligent failure to warn plaintiff of defects.

A jury verdict was rendered in favor of both defendants and against plaintiff and judgment was entered upon the verdict. Plaintiff filed a timely post-trial motion seeking judgment notwithstanding the verdict or in the alternative a new trial. These were denied. Appeal is taken from the verdict, judgment and the denial of the post-trial motion. On appeal plaintiff raises numerous contentions. We have determined that neither singly nor collectively do these issues require reversal.

■■ Plaintiff first argues that the court erred in excluding the proffered testimony of plaintiff's expert witness, Clarence Grey. Mr. Grey was an employee of Alton and Southern Railway with 15 years experience as a carman. Plaintiff argues that Mr. Grey's testimony would have provided evidence concerning required maintenance and lubrication procedures for "plug doors" and design defects in the locking mechanism of the doors. However, since there was no claim by the plaintiff that his injury was caused by inadequate maintenance or lubrication, defendants' objection to the offer of proof on the ground of irrelevance was correctly sustained. In addition, Mr. Grey's testimony on this point would have been based, so he indicated, on a regulation which he was not sure was in effect at the time of the injury.

■■ As to the second portion of the offer of proof, when plaintiff sought to elicit testimony from Mr. Grey that the design of "plug doors" was inherently defective, Mr. Grey responded, "I wouldn't be a judge of, I'd have to be an engineer to say definitely that would have mechanical problems." We are of the opinion that the testimony of Mr. Grey was properly excluded as the plaintiff's offer of proof did not qualify Mr. Grey as an expert on the subjects concerning which plaintiff sought to have him render an opinion. Whether a witness is competent to give expert opinion is a question of fact for the trial judge and is subject to review only upon a showing of clear abuse of discretion. (*Bonato v. Peabody Coal Co.*, 248 Ill. 422, 94 N.E. 69.) The record here discloses no such abuse of discretion.

Plaintiff next contends that defendants were permitted to introduce evidence of failure by the plaintiff to follow a "safety rule" promulgated by his employer and in so doing caused him to be held to a higher than ordinary standard of care. Further, plaintiff argues, such a procedure was inequitable because there was no way for plaintiff to acquaint himself with these "safety rules" as they did not exist in written form.

■■ Plaintiff ierroneously characterizes the testimony adduced. We are of the opinion, after a review of the testimony in question, that it referred, not to the existence of formal "safety rules" promulgated by the

employer, but instead described the usual and customary methods used to close "plug doors" and gave the personal opinions of plaintiff's co-workers and supervisor as to the degree of danger involved in closing the door in the manner as Mr. Schwartz attempted. Evidence of a custom or practice is a form of expert testimony admissible as bearing on what is proper conduct under the circumstances. *Darling v. Charleston Community Memorial Hospital*, 33 Ill. 2d 326, 211 N.E.2d 253.

■■ Plaintiff further contends that it was error to admit into evidence the answers of Alton and Southern to plaintiff's supplemental interrogatories. The answers were read to the jury by counsel for Pacific Fruit Express. Plaintiff alleges that this information was inadmissible hearsay. It is well established that an objection to hearsay evidence must be raised at the trial level, not for the first time on appeal. (*People v. Davis*, 126 Ill. App. 2d 114, 261 N.E.2d 428.) Plaintiff, by failing to object at trial, has failed to preserve this point for review.

Lastly, plaintiff objects to the admission of evidence concerning an injury to and operation on plaintiff's back subsequent to the injury which is the subject of the instant litigation. On the first day of trial plaintiff disclosed that he had sustained an unrelated injury to his back requiring fusion of discs and the insertion of a plastic disc.

The court granted plaintiff's motion *in limine* directing the defendants to refrain from soliciting from defendants' witnesses any information concerning this injury or medical treatment for the resulting condition. The court instructed defense counsel to request a hearing on this point when and if it became an issue. On direct examination plaintiff testified that he was unable to engage in athletic endeavors with his children. A conference was held outside the presence of the jury and the court then allowed defendant Pacific Fruit Express to cross-examine plaintiff concerning the back operation and its relation to his inability to indulge in athletic pursuits.

■■ Evidence related to a plaintiff's physical disability in a personal injury case is necessarily offered in support of his proof of damages. The question of damages is not properly considered until a defendant has been found liable. (*Hoffman v. Wilson*, 60 Ill. App. 2d 396, 208 N.E.2d 607.) In fact, Illinois Pattern Jury Instruction 36.01 upon this point was given without objection. However, allegations of error concerning the extent of plaintiff's damages are irrelevant in view of the fact that the jury found the defendants not liable. *Mulvey v. Illinois Bell Telephone Co.*, 53 Ill. 2d 591, 294 N.E.2d 689.

The judgment of the trial court is affirmed.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.