**CITY OF FLORENCE, a Colorado municipal corporation, Plaintiff-Appellee,**

v.

**POWDER HORN CONSTRUCTORS, INC., a Colorado corporation, and St. Paul Fire and Marine Insurance Company, a Minnesota corporation, Defendants-Appellants.**

No. 83CA0690.

Colorado Court of Appeals, Div. I.

Oct. 17, 1985.

Rehearing Denied Nov. 21, 1985.

Certiorari Granted (Powder Horn) March 17, 1986.

Law Office of Robert F.T. Krassa, P.C., Robert F.T. Krassa, Pueblo, for plaintiff-appellee.

Conover, McClearn & Heppenstall, P.C., Hugh J. McClearn, Catherine A. Lemon, Denver, for defendants-appellants.

Gorsuch, Kirgis, Campbell, Walker & Grover, Charles E. Grover, Dan S. Cross, Denver, for amicus curiae Colorado Contractors Ass'n, Inc.

BABCOCK, Judge.

On this issue of first impression in Colorado, we must decide whether a contractor may be relieved of its bid on a public construction project where the bid is the product of a clerical error and the public authority is notified of the error prior to the award of the contract. We hold that relief from a bid is possible, but that the contractor bears the burden of proving by a preponderance of the evidence that: (1) the mistake relates to a material feature of the contract; (2) it occurred despite the exercise of reasonable care; and (3) the public authority can be placed in status quo.

The material facts are not in dispute. Powder Horn Constructors, Inc., responded to an invitation by the City of Florence with a sealed bid for construction of a portion of a water treatment facility. When the bids were publicly opened it was discovered that Powder Horn was the low bidder. On the next day, Powder Horn realized that it had made a clerical error amounting to $73,326 on its bid of $699,500, and promptly notified Florence of that fact. Florence, however, refused to allow Powder Horn to withdraw its bid and, twelve days later, awarded the contract to Powder Horn. When Powder Horn advised Florence that it did not intend to proceed with the contract, Florence awarded the contract to the second lowest bidder in the amount of $754,330.

Florence brought suit against Powder Horn and its bonding company, St. Paul Fire and Marine Insurance Company, seeking forfeiture of the 5% bid bond as damages for Powder Horn's breach of the bid contract. Trial was to the court which found that Powder Horn's clerical error was "more than ordinary neglect." Judg-ment was for Florence and Powder Horn appeals. We affirm.

A clear majority of the jurisdictions that have faced this issue have held that relief from a bid to a public authority for a unilateral clerical error is possible under certain circumstances. *See Moffett, Hodgkins & Clarke Co. v. Rochester*, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108 (1900); *Marana Unified School District No. 6 v. Aetna Casualty & Surety Co.*, 144 Ariz. 159, 696 P.2d 711 (1984); *Elsinore Union Elementary School District v. Kastorff*, 54 Cal.2d 380, 6 Cal.Rptr. 1, 353 P.2d 713 (1960); *John J. Calnan Co. v. Talsma Builders, Inc.*, 67 Ill.2d 213, 10 Ill.Dec. 242, 367 N.E.2d 695 (1977); *Community Consolidated School District No. 169 v. Meneley Construction Co.*, 86 Ill.App.3d 1101, 42 Ill.Dec. 571, 409 N.E.2d 66 (1980); *Baltimore County v. John K. Ruff, Inc.*, 281 Md. 62, 375 A.2d 237 (1977); *Cataldo Construction Co. v. County of Essex*, 110 N.J. Super. 414, 265 A.2d 842 (1970); *Arcon Construction Co. v. State*, 314 N.W.2d 303 (S.D.1982). A small minority of jurisdictions have denied relief in all cases. *See Triple A Contractors, Inc. v. Rural Water District No. 4*, 226 Kan. 626, 603 P.2d 184 (1979); *Board of Education v. Sever–Williams Co.*, 22 Ohio St.2d 107, 258 N.E.2d 605 (1970); *A.J. Colella, Inc. v. County of Allegheny*, 391 Pa. 103, 137 A.2d 265 (1958).

The principal reasons relied on by the minority jurisdictions in their support of a policy denying relief in all cases are that, to allow relief, would seriously undermine the system of sealed bids, could open the door to fraud and collusion between contractors or between contractors and the public authority, and would reward careless bid preparation. *See* Jones, *The Law of Mistaken Bids*, 48 U.Cin.L.Rev. 43 (1979); *A.J. Colella, Inc. v. County of Allegheny, supra*. We believe that such a policy is unduly restrictive in that it denies the application of equitable principles in meritorious cases, including the principle against unjust enrichment. *See Jones, supra; Wil–Fred's, Inc. v. Metropolitan Sanitary Dis-*

*trict,* 57 Ill.App.3d 16, 14 Ill.Dec. 667, 372 N.E.2d 946 (1978); *cf. Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

By placing the burden on the contractor to prove each element necessary for rescission by a preponderance of the evidence, *see* § 13–25–127(1), C.R.S., a court of equity can allow rescission in meritorious cases without jeopardizing the integrity of the bidding process or undermining the policies against fraud, collusion, and careless bid preparation. Therefore, we do not adopt the minority rule.

Although different formulations of the majority rule have been developed in the various jurisdictions, all such jurisdictions at least agree that, in order to rescind the bid contract, the unilateral mistake of the contractor must be related to a material feature of the contract, and the public authority must be placed back into status quo. Colorado cases involving non-bid actions for rescission are in accord with these principles. *See Dlug v. Wooldridge,* 189 Colo. 164, 538 P.2d 883 (1975); *Hampton v. Tri–State Finance Corp.,* 30 Colo.App. 420, 495 P.2d 566 (1972).

■ With respect to the status quo requirement, the mere fact that the public entity may have lost the benefit of its bargain with the mistaken bidder does not prevent it from achieving status quo when it accepts the second lowest bid so long as there has been no change in position in reliance on the mistaken bid. *See Cataldo Construction Co. v. County of Essex, supra; cf. Smith v. Huber,* 666 P.2d 1122 (Colo.App.1983). Under such circumstances, the public entity has suffered no actual damages since it has lost only what it sought to gain by taking advantage of the mistake. *Arcon Construction Co. v. State, supra; cf. Jackson Enterprises, Inc. v. Maguire,* 144 Colo. 164, 355 P.2d 540 (1960).

The only significant difference among the formulations of the majority rule lies in the degree of mistake required to relieve the contractor from his bid. Some jurisdictions deny relief to the contractor if the mistake occurred because the contractor failed to exercise reasonable care. *See, e.g. Community Consolidated School District No. 169 v. Meneley Construction Co., supra.* Other jurisdictions allow greater latitude to the contractor, and grant relief unless the mistake occurred as the result of gross negligence. *Marana Unified School District No. 6 v. Aetna Casualty & Surety Co., supra.*

We think that the "reasonable care" standard represents the best formulation for this element of rescission of a bid contract. First, this standard serves to protect the integrity of the bidding process and does not reward unreasonably careless bid preparation. Secondly, the burden is placed on the contractor to show that the procedure he followed in the preparation of his bid was in conformity with industry standards. This fosters consistency among the jurisdictions in this state. Finally, the higher standard permits rescission only in a meritorious case, *i.e.,* where the mistake occurred despite adherence to industry standards, and will therefore inhibit or prevent fraud and collusion.

For these reasons, we adopt the Illinois rule in which the three conditions precedent for rescission of a bid contract based upon a mistake by one of the parties are stated as follows:

> "First, the mistake must relate to a material feature of the contract; second, it must have occurred despite the exercise of reasonable care; and third, the other party must be placed in status quo." *John J. Calnan Co. v. Talsma Builders, Inc., supra.*

Here, Florence established a prima facie case of violation of the bid contract when it established that a contract was awarded to Powder Horn in conformance with § 31–15–712, C.R.S. (1977 Repl.Vol. 12) and that Powder Horn refused to execute the contract. The trial court correctly ruled at trial that in order to be relieved from its mistaken bid the burden shifted to Powder Horn to prove by a preponderance of the evidence each element of the Illinois rule. Among those elements was the factual

question whether Powder Horn had used due care in preparing the bid. *See Wil-Fred's, Inc. v. Metropolitan Sanitary District, supra.*

Although Powder Horn produced two interested witnesses who testified that the bid was prepared in conformity with industry standards, the trial court found this testimony "difficult if not impossible to believe." This credibility determination was within the trial court's prerogative as the trier of fact, and accordingly, we are bound by the trial court's finding on this issue. *See Page v. Clark, supra.*

Thus, the trial court did not err in concluding that Powder Horn had not met its burden of proving each and every element necessary for rescission.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.