## WALTER GRIFFIN v. B. O'NEIL.

SALE — *Payment — Mistake — Rescission.* Where the owner of cattle enters into a contract to sell the same for a stated price, and the purchaser, relying upon such statement, purchases the cattle at the price stated, and pays his money therefor, and takes a bill of sale at the time, the contract is concluded between the parties, and is binding upon both, although the seller made a mistake in calculating his figures as to the price of the cattle before he made his offer to the purchaser.

*Motion for Rehearing.*

THE facts sufficiently appear in *Griffin v. O'Neil,* 47 Kas. 116, *et seq.,* and in the opinion herein, filed on March 5, 1892.

*Johnson & Johnson,* for plaintiff in error.

*Kirk & Bowman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This case comes to us at this time upon a motion for a rehearing. In the former opinion handed down,

it was said "that the defendant below claims that he purchased the 19 head of cattle for the aggregate sum of $448, and that he paid the full consideration." "We think, however," it is said, "that the evidence of the plaintiff made a *prima facie* case in favor of his allegation—that he sold the 19 head of cattle for $595; therefore, that the trial court committed no error in overruling the demurrer to plaintiff's evidence." It was further said in the opinion, "that there was sufficient evidence to sustain the verdict and judgment thereon."

A reëxamination of all the evidence contained in the record shows us that we overlooked, at the former hearing, certain statements of Mr. O'Neil, the plaintiff below. He testified, among other things:

"Ques. When you were walking around through the cattle, taking your memorandum, Walter wasn't with you, was he? Ans. No.

"Q. He didn't know what figures you were putting down? A. No, he didn't then.

"Q. After you came back you told him you would let him have the cattle for the figures mentioned there, $488? A. I showed him the figures.

"Q. When you came back to him you put your figures at this $488, and told him that you would take that amount for the cattle? A. Yes, sir; but he had seen me adding the figures.

"Q. And he said he would take them at that? A. Yes, sir.

"Q. After you put your figures at $488, you told him you would take that for them? A. Yes, sir, I did; I put my finger there on that figure and told him I would take that amount for them.

"Q. And he told you he would take them at that figure? A. Yes, sir.

"Q. And he gave you that check? A. Yes, sir.

"Q. And you received $488? A. Yes, sir; I received $488, and on the strength of that check I delivered the cattle.

"Q. That is all Griffin had to do with it, wasn't it? A. That is all, I believe.

"Q. You had no other talk with him about it at that time? A. Not any more.

"Q. Now at that time, as soon as that was done, you signed the bill of sale for the cattle? A. Yes, sir.

"Q. That was made while you were together, then? A. Yes, sir.

"Q. Immediately after he told you that he would take the cattle at $488? A. Yes, sir.

"Q. Then you immediately drove away, and you didn't see him any more or have any talk concerning the cattle? A. I never saw him until he sent Mr. McQuade after the cattle.

"Q. At the time you and Griffin were talking there, while you were making your figures on the cattle, tell the jury if you did n't tell him if he did n't want to take them at $488 there was no use figuring, for he could n't have them? A. I put my finger there on the paper and told him he could have them at that amount.

"Q. Answer my question. A. Well, I did in that way."

Under this evidence, plaintiff below agreed to take $488 for the cattle; and after having made this agreement, received payment, and executed a bill of sale therefor, he cannot change his contract for a different one, which was not entered into by the parties. If he made a mistake in his figures, and Mr. Griffin had no knowledge of the mistake, but relied upon the price stated, Mr. O'Neil is responsible and must suffer. This conclusion will require a reversal of the judgment, because the verdict is not sustained by sufficient evidence. Upon another trial, it is possible that other and further evidence may be presented showing that the mistake was a mutual one, and that the sale was for $595 instead of $488, or that Mr. Griffin knowingly took advantage of the miscalculation of Mr. O'Neil, and therefore understood he was to pay $595 instead of $488.

It is unnecessary to make any other comment upon the evidence brought to this court, excepting those referred to in the former opinion.

The judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.