No. 54,839

ANCO CONSTRUCTION COMPANY, LTD., *Plaintiff/Appellant,* v. CITY OF WICHITA, KANSAS, *Defendant/Appellee.*

(660 P.2d 560)

Opinion filed March 26, 1983.

*Stewart L. Entz,* of Colmery, McClure, Funk, Letourneau & Entz, of Topeka, argued the cause and was on the brief for the appellant.

*Bernard V. Borst,* assistant city attorney, argued the cause, and *John Dekker,* city attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought for injunctive relief and for reformation of a construction contract due to a unilateral mistake of plaintiff's employee in calculating the amount of plaintiff's bid. The facts in the case are essentially undisputed. Plaintiff, Anco Construction Company, Ltd., is a construction contractor. Defendant City of Wichita owns and operates a municipal water utility to provide water for its residents. On September 1, 1981, the city adopted a resolution declaring it necessary to improve its waterworks utility by constructing a pumping station and a reservoir to be known as the Webb Road Pumping Station and Reservoir. Revenue bonds were to be issued to finance the construction. On October 29, 1981, the city caused an invitation to bid notice to be published in the official newspaper of the city, announcing that sealed bids on the construction of the pumping station and reservoir would be received by the city until 10:00 a.m. on December 4, 1981. Prospective bidders were advised that, immediately after the specified time for receiving bids and at the place designated, the bids would be opened and read aloud.

The invitation to bid also advised prospective bidders that the bid should be in a lump sum for the entire project and that a bid security in the amount of five percent of the total bid must accompany each bid. The bid security was to be made payable to

the city of Wichita and was to be retained by and forfeited to the city as liquidated damages if the bid was accepted and the award was entered thereon, and the bidder, thereafter, failed to enter into a construction contract within ten days after the award was made by the city. Prior to 10:00 a.m. on December 4, 1981, the plaintiff, Anco, submitted its sealed bid, which bid was secured by a corporate surety bond in the amount of 5 percent of plaintiff's bid. Precisely at 10:00 a.m., the deputy city clerk for the city carried the eleven bids that had been received to the board room for opening, reading, tabulation, and action thereon by the city's Board of Bids and Contracts. Immediately thereafter, each bid was opened and tabulated by the deputy city clerk. While the bids were being read and after the bid from the plaintiff had been read, the secretary for the mayor's office came into the room and asked for Mr. Tinkum, plaintiff's representative, who was in the room at the time. Tinkum was advised that there was a long-distance telephone call for him in the mayor's office. Tinkum and the secretary then left the room and the remaining bids were opened and read. When all the bids had been opened and read, the consulting engineer requested the Board of Bids and Contracts to defer its consideration of the bids for one week. The board granted the request and deferred action until December 11, 1981.

After consideration of the bids had been deferred, Tinkum returned to the board room and advised the deputy city clerk that Anco had apparently made a mistake in its bid and that he would like to withdraw it. The deputy city clerk advised Tinkum that the Anco bid had been opened and read and that he should address his request to the chairman of the board. No such request was made to the board chairman.

On December 4, 1981, plaintiff sent a Western Union Mailgram to the city of Wichita, which was first received telephonically and later confirmed by mail on December 7, 1981. A second communication was a letter sent by certified mail, bearing the date of December 4, 1981, and received on December 8, 1981. Both communications referred to a mistake in the bid submitted by Anco on the Webb Road Pumping Station and Reservoir and requested that Anco be permitted to withdraw its bid from consideration for the award of the construction project. Neither the letter nor mailgram stated what the mistake was. On De-

cember 10, 1981, plaintiff sent a letter to the mayor and city commission of Wichita, which letter identified the mistake in its bid as a mathematical error of $95,794, resulting from the omission of that amount for certain sections of the specifications pertaining to electrical instrumentation. The mathematical error occurred when the figures for those items were not properly transferred on Anco's recapitulation sheets and included in Anco's lump sum bid.

It is undisputed that the mistake was committed by an Anco employee as a part of the process in preparing the bid. The district court found that the defendant city had no knowledge that such mistake had occurred until after the bids were opened and read. On December 11, 1981, the various bids received, opened, and read on December 4, 1981, were considered by the city's Board of Bids and Contracts. The board's action was to recommend to the city's governing body the bid of Anco as the lowest responsible bid. On December 15, 1981, at the regular meeting of the city commission, the commission was apprised of the recommendation of the Board of Bids and Contracts and of the request of Anco to withdraw its bid from consideration for award of the construction contract. Thereafter, the city approved the plaintiff's bid and awarded the construction contract to Anco. Notice of the award of the bid contract was thereafter transmitted to Anco by a representative of the consulting engineers. The contract documents for the job were delivered to Anco at its office in Topeka on December 18, 1981.

On December 21, 1981, the plaintiff filed this action in the district court of Sedgwick County. In substance, the plaintiff prayed the court to either cancel the bid and to order return of its bid bond or, in the alternative, for an order reforming the construction contract to prevent unjust enrichment of defendant. With this action pending on December 24, 1981, Anco executed all the contract documents and bonds and mailed them to the city's consulting engineer accompanied by a protest signed by the president of Anco protesting the fact that it had not been allowed to withdraw its bid or obtain relief for the mistake in its bid. On December 29, 1981, the city accepted and signed the construction contract. The case was tried by the district court, sitting without a jury. The trial court entered judgment in favor of the defendant, denying plaintiff's petition for relief.

In arriving at its decision, the trial court relied on the decision of this court in *Triple A Contractors, Inc. v. Rural Water Dist. No. 4*, 226 Kan. 626, 603 P.2d 184 (1979), which held that the successful bidder for a public construction contract will not be granted equitable relief, by way of cancellation of the construction bid and the discharge and relief from its bid bond, because of a unilateral error in calculating costs. We agree with the trial court that that case is controlling and precluded the granting of equitable relief to the plaintiff on its petition in this case.

In its brief, counsel for plaintiff urges the court to reconsider and reject the rule adopted in *Triple A Contractors*. The court has reconsidered the matter, and the majority of the court adhere to the position previously taken in that case. We, therefore, hold, in accordance with *Triple A Contractors,* that in cases involving the letting of bids for public construction projects, equitable relief by way of rescission or reformation is not ordinarily available to the low bidder for a unilateral error of the bidder in calculating costs, where the bid is not withdrawn until after the process of opening bids has commenced and any bid has been opened. We wish to emphasize that this case does not involve a factual situation where notice of a mistake was given to the public body and *the bid was actually withdrawn before the bid opening process commenced.* This is a case where notice of the mistake was given and the bid was withdrawn *after* bids were opened.

We further note that the equitable remedy of reformation is not an appropriate remedy under the circumstances of this case. The construction contract for the Webb Road Project is the identical contract which was signed by the parties and which the parties intended to sign. The purpose of the equitable remedy of reformation of a contract is not to make a new contract or to supply terms upon which the minds of the parties have not met. *Jones v. Crowell*, 164 Kan. 261, 264, 188 P.2d 908 (1948). The prevailing rule in Kansas does not permit reformation of a contract in instances involving unilateral mistake. *Squires v. Woodbury*, 5 Kan. App. 2d 596, 599, 621 P.2d 443 (1980), *rev. denied* 229 Kan. 671 (1981).

The judgment of the district court is affirmed.

MILLER, J., dissenting.