**Gregory A. CLARK, Plaintiff,**

v.

**BOARD OF TRUSTEES OF BUTLER COUNTY COMMUNITY COLLEGE, et al., Defendants,**

**Travelers Insurance Company and National Carriers, Inc., Intervenors.**

**Civ. A. No. 89–1169–T.**

United States District Court, D. Kansas.

May 20, 1992.

Robert L. Howard and J. Steven Massoni, Foulston & Siefkin, Wichita, Kan., for plaintiff.

Tom Kitch and William P. Tretbar, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for intervenors.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the intervenors' motion for determination of workers' compensation lien (Attachment to Doc. 54). Intervenors Travelers Insurance and National Carriers seek a determination of the amount due them pursuant to their workers' compensation lien.

The jury trial in this matter resulted in a jury verdict in favor of Clark in the amount of $302,000. After reducing the verdict because of the jury's finding that Clark was 10% at fault, judgment was entered in favor of Clark in the amount of $271,800. After the defendants filed their notice of appeal, the parties reached a settlement in the amount of $240,000. Of the settlement proceeds, the sum of $30,804 is being held by plaintiff's attorneys until resolution of the lien issue.

Prior to the trial of this case, the intervenors entered into an agreement with plaintiff concerning the manner in which funds recovered by plaintiff would be applied to intervenors' lien claim. The agreement provides in pertinent part:

In the event of a recovery by Greg Clark in his presently pending civil action of $100,000.00 or less, your client [intervenors] will agree to accept 33⅓% of any such recovery in full satisfaction of its subrogation lien. Your client will also agree to contribute 33⅓ of the litigation expenses and to pay 33⅓ of any attorneys' fee owing to this firm [plaintiff's counsel] on such recovery, calculated according to our contract with Greg Clark. On any portion of the recovery over $100,000.00, your client will be entitled to a 40% reimbursement up to the full amount of your subrogation lien, less 40% of the litigation expenses and less 40% of the attorneys' fee owing to this firm as above.

Exh. A. to Doc. 54.

Intervenors paid a total of $57,802.91 in workers' compensation benefits to or on behalf of plaintiff. After plaintiff's settlement with defendants, plaintiff and intervenors were unable to agree on the amount of money due intervenors. The parties subsequently agreed that intervenors would be entitled to no more than $30,804.

▮ Plaintiff has calculated the amount he believes is due to the intervenors under the parties' agreement. Plaintiff argues that intervenors are owed only $24,019.27, less any attorney fees which the court may award to plaintiffs out of that sum. The intervenors have claimed varying amounts in their filings and at the hearing. Intervenors claim entitlement to the entire sum of $30,804 being held by plaintiff's counsel. Intervenors have computed several amounts to which they claim entitlement ($30,803.28; $32,676.92; and $41,496.14).

Intervenors admit that they have not followed the parties' agreement in calculating

their claim. Intervenors also admit that they entered into the agreement and that it provides for a distribution of the recovery in a manner less favorable to the intervenors than under state statute. Intervenors defend their refusal to follow the letter agreement by arguing that the agreement is poorly crafted, that the intent of the parties cannot be ascertained from the four corners of the instrument, and that the agreement is ambiguous.

 A contract is ambiguous only if two or more meanings can be construed from the contract provisions. *Albers v. Nelson,* 248 Kan. 575, 578, 809 P.2d 1194 (1991). The interpretation of a written contract that is free from ambiguity is a judicial function. Oral testimony is not necessary to determine the contract's meaning. *Id.* The court has carefully examined the parties' letter agreement and finds it to be free from ambiguity. The provisions set forth above clearly indicate how the settlement proceeds are to be distributed between plaintiff and intervenors. The agreement can be construed in only one way.

It appears to the court that intervenors are simply trying to free themselves from a bargain that, in hindsight, is not particularly favorable to them. It is likely that both defendants and intervenors underestimated the worth of this case and overestimated the extent of Clark's fault. Intervenors apparently were not interested in participating in the trial of the underlying action in order to protect their lien rights. The agreement between plaintiff and intervenors saved intervenors from having to hire their own attorneys to participate in the trial. The court agrees with plaintiff that intervenors are entitled to the sum of $24,019.27 in satisfaction of their lien, less attorneys' fees to be awarded by the court out of that amount.

Plaintiff seeks additional attorneys' fees (to be taken from intervenors' ultimate recovery) to compensate for his attorneys' efforts in fighting intervenors' motion. Plaintiff requests 10% of intervenors' claim (10% of $30,804, or $3,080.40) as a reasonable attorneys' fee. The court believes that $3,000 is a reasonable fee given the nature of the dispute and the amount of work done on this matter. The court shall award plaintiff attorney fees in the amount of $3,000 to be deducted from the $24,019.27 due to intervenors. Intervenors are therefore entitled to the net amount of $21,019.27 in satisfaction of their workers' compensation lien.

IT IS BY THE COURT THEREFORE ORDERED that Intervenors Travelers Insurance Company and National Carriers, Inc. are entitled to the sum of $21,019.27 from plaintiff in full satisfaction of their workers' compensation lien.

IT IS FURTHER ORDERED that counsel for plaintiffs are entitled to the sum of $3,000 as attorneys' fees out of the settlement proceeds in this matter.

IT IS FURTHER ORDERED that plaintiff is entitled to any remaining funds from his settlement with the defendants.