(940 P.2d 68)
No. 74,314

PAUL and SUSAN SMITH, *Appellants/Cross-Appellees*, v. ANN STEPHENS, *Appellee/Cross-Appellant*.

Opinion filed May 30, 1997.

*Robert R. Laing, Jr.*, of Overland Park, for appellants/cross-appellees.

*Lewanna Bell-Lloyd*, of Moriarty, Erker & Moore, of Overland Park, and *Kathleen L. Sloan*, of Overland Park, for appellee/cross-appellant.

Before ELLIOTT, P.J., GREEN, J., and JOHN E. SANDERS, District Judge, assigned.

ELLIOTT, J.: Paul and Susan Smith appeal the trial court's finding they failed to prove damages at trial. Defendant Ann Stephens cross-appeals the trial court's finding that she committed fraud.

We affirm.

The Smiths purchased Stephens' liquor business and assumed the business' lease obligation. The Smiths later discovered the difference between what Stephens represented as gross receipts for 1993 and the actual receipts was some $108,000.

At trial, the Smiths questioned a business broker as to whether the value of the business would have been less based on actual sales figures. The witness responded he had not reevaluated the business and stated, "I couldn't tell you exactly what my opinion would be with the less sales, other than it would be less."

At the time of trial, the Smiths continued to operate the business and had made no attempt to sell the business. The trial court found there was clear and convincing evidence that Stephens had misrepresented her gross revenues to the Smiths in an amount in ex-

cess of $108,000. With respect to damages, however, the trial court found:

"Plaintiffs did not seek rescission but have continued to operate the liquor store. No evidence was presented which reflected the basis for the claim of damages in the sum of $50,000 and no evidence was offered as to the sum· expended or claimed for attorney fees.

"After hearing the clear and convincing evidence establishing fraud on the part of defendant, the court fully expected to hear evidence as to the difference in value of the liquor store business as represented and its actual value, based upon revenues reported to the state and the revenues which were falsely reported to plaintiffs by defendant and through his business broker. No such evidence or opinions were offered, although one of the plaintiffs is an accountant. ·

. . . .

"The court has concluded and found from the evidence that defendant intentionally and fraudulently provided false information with regard to the gross sales of her retail liquor store and that all elements of fraud have been established, except that there is no evidence establishing that the plaintiffs suffered any injury or damages as a direct and proximate result of their reliance on the false statements of the defendant and, therefore, no judgment for actual damages can be allowed."

An award of damages should make a party whole. See *State ex rel. Stephan v. Wolfenbarger & McCulley, P.A.*, 236 Kan. 183, Syl. ¶ 4, 690 P.2d 380 (1984); *M & W Development, Inc. v. El Paso Water Co.*, 6 Kan. App. 2d 735, Syl. ¶ 4, 634 P.2d 166 (1981).

The trial court properly noted the correct measure of damages would be the difference between the value of the business as represented by Stephens and the actual value of the business as purchased. That would have placed the Smiths in the position they would have occupied had the misrepresentation never been made. The Smiths failed to produce any evidence with regard to that figure and failed to seek rescission of the purchase agreement. Plaintiffs had the burden of proof to establish a reasonable basis for computation of damages. See *Short v. Wise*, 239 Kan. 171, Syl. ¶ 4, 718 P.2d 604 (1986).

Here, the trial court properly ruled the Smiths had failed to produce appropriate evidence of their damages.

On her cross-appeal, Stephens argues the trial court's finding of fraud was not supported by the evidence. We disagree.

Fraudulent misrepresentation involves an untrue statement of material fact, known to be untrue, made with the intent to deceive or with reckless disregard for the truth, and upon which another party justifiably relies to his or her detriment. *Albers v. Nelson*, 248 Kan. 575,. 579, 809 P.2d 1194 (1991); see *Slaymaker v. Westgate State Bank*, 241 Kan. 525, Syl. ¶ 3, 739 P.2d 444 (1987); *Timi v. Prescott State Bank*, 220 Kan. 377, Syl. ¶ 5, 553 P.2d 315 (1976).

While fraud must be proved by clear and convincing evidence, it may be shown by circumstantial as well as direct proof. See *Waxse v. Reserve Life Ins. Co.*, 248 Kan. 582, Syl. ¶ 3, 809 P.2d 533 (1991); *Eckholt v. American Business Information, Inc.*, 873 F. Supp. 526, 531-32 (D. Kan. 1994).

In the present case, the evidence supports findings that the Smiths relied to their detriment on Stephens' representations because they testified the gross sales figures were a primary consideration in deciding to buy the business; they testified they would not have purchased the business had they known what the actual figures were.

Further, the evidence included a 1993 income statement provided to the Smiths by Stephens indicating gross sales for that year to be some $308,000 and a copy of the 1993 liquor enforcement tax return filed by Stephens with the Kansas Department of Revenue indicating actual sales for the year to be some $199,000. And Susan Smith testified as to the difference between the receipts as shown on the statement provided by Stephens and the report filed with the State.

The trial court's findings concerning fraud were supported by the evidence.

The appeal and cross-appeal are affirmed.