**HOME SHOPPING CLUB, INC., Plaintiff,**

v.

**MILLER BROADCASTING, INC. and Scripps Howard Broadcasting Company, Defendant.**

**No. Civ. A. 96–2229–GTV.**

United States District Court, D. Kansas.

Oct. 31, 1997.

P. John Owen, Mary L. Barrier, Steven J. Boyd, Morrison & Hecker, L.L.P., Kansas City, MO, A. Bradley Bodamer, Morrison & Hecker, L.L.P., Overland Park, KS, Richard S. Rodin, Hogan & Hartson, L.L.P., Washington, DC, for plaintiff.

Dan Biles, Lawrence C. Gates, Gates, Biles, Shields & Ryan, P.A., Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Home Shopping Club, Inc. (Home Shopping) brought this diversity action alleging that defendant Miller Broadcasting, Inc. (Miller Broadcasting) breached its contract with plaintiff and that defendant Scripps Howard Broadcasting Company (Scripps Howard) tortiously interfered with such contract. The case was tried to a jury from August 25 to August 29, 1997 and the jury returned a verdict for defendants. The case is now before the court on plaintiff's motion (Doc. 112) for judgment as a matter of law or, in the alternative, for a new trial. For the reasons set forth below, the motion is denied.

### I. JUDGMENT AS A MATTER OF LAW

"Judgment as a matter of law is appropriate only when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary bases for a reasonable jury to find for that party on the issue.'" *Finley v. United States*, 82 F.3d 966, 968 (10th Cir.1996) (quoting Fed.R.Civ.P. 50(a)(1)). The jury's verdict must stand if, "viewing the record in the light most favorable to [defendants], there is evidence upon which the jury could properly return a verdict for [them]." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1546 (10th Cir.1996).

Plaintiff argues that the evidence presented at trial was legally insufficient to support the jury's finding that plaintiff failed to sub-

stantially perform under the contract. Undergirding this argument is plaintiff's contention that it complied with the plain and unambiguous contract provision requiring plaintiff to "make available to [defendant] ... a minimum of five (5) minutes ·... for local programming and commercials...." Essentially, plaintiff suggests that the provision unambiguously requires only that plaintiff not prevent defendant from using five minutes for local programming.

■ First, the court must address whether, as plaintiff asserts, the contract provision is plain and unambiguous.[1] "The interpretation of a written contract that is free from ambiguity is a judicial function and does not require oral testimony to determine the contract's meaning." *Albers v. Nelson*, 248 Kan. 575, Syl. ¶ 1, 809 P.2d 1194 (1991). "If the language of the contract is ambiguous, however, evidence is admissible to determine the intent of the parties to the contract, which is an issue of fact." *Hart v. Sprint Communications. Co., L.P.*, 872 F.Supp. 848, 854 (D.Kan.1994). "An ambiguity in a contract does not appear until two or more meanings can be construed from the contract provisions." *Albers*, 248 Kan. at 578, Syl. ¶ 1, 809 P.2d 1194.

Other courts have held that the phrase "make available" is ambiguous. *See Sybrandy v. United States*, 937 F.2d 443, 446 (9th Cir.1991); *Shelter Mutual Ins. Co. v. Irvin*, 309 Ark. 331, 334, 831 S.W.2d 135 (1992); *DeKay v. DeKay Pneumatic Tools, Inc.*, 131 Cal.App.2d 625, 281 P.2d 76, 82 (1955). "Available" means "capable of use for the accomplishment of a purpose." Webster's New Int'l Dictionary 150 (3d ed.1986). Although the dictionary includes several definitions for the word "make," all imply an affirmative act. *See id.* at 1363. The court agrees with plaintiff that "make available" is, to a limited extent, plain and unambiguous.

Contrary to plaintiff's view, however, the phrase is unambiguous in that it plainly requires some affirmative act by plaintiff. Conversely, the provision is ambiguous as to what action, or amount of action, it requires of plaintiff.

■ Because the provision is ambiguous, its meaning in the contract was a question of fact for the jury. *Hart*, 872 F.Supp. at 854. Viewing the evidence presented at trial in the light most favorable to defendant, the court cannot conclude as a matter of law that plaintiff made available five minutes of each hour. Further, the court is unable to conclude as a matter of law that plaintiff substantially performed its obligations under the contract.

■ Plaintiff also argues that there was legally insufficient evidence to support the jury verdict in favor of Scripps Howard on plaintiff's claim of tortious interference with contract.[2] The jury did not consider this claim because the jury found that plaintiff failed to substantially perform its obligations under the contract. A claim of tortious interference with contract fails unless the alleged interference resulted in an actual breach of, and not just an adverse impact on, the contract. *Classic Communications, Inc. v. Rural Telephone Serv. Co., Inc.*, 956 F.Supp. 910, 921 (D.Kan.1997) (citing *Noller v. General Motors Corp.*, 244 Kan. 612, 619, 772 P.2d 271 (1989)). Here, if the jury found that plaintiff failed to substantially perform its obligations under the contract, then the tortious interference with contract claim must fail as a matter of law because plaintiff's failure to substantially perform excused Miller Broadcasting from performance under the contract. Thus, Miller Broadcasting did not breach the contract and an essential element of the tortious interference with contract claim could not be met. As stated previously, the court is unable to conclude as

---

1. The contract provides that Delaware law shall govern interpretation of the contract, but the parties cite Kansas law in their briefs. The court sees no distinction between Delaware law and Kansas law regarding the substantive issues in this case. The court, therefore, will rely on Kansas law. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816, 105 S.Ct. 2965, 2976, 86 L.Ed.2d 628 (1985) ("There can be no injury in applying Kansas law if it is not in conflict with that of any other jurisdiction connected to this suit.").

2. Although plaintiff's memorandum in support of its motion discusses whether Scripps Howard was privileged or justified in its interference, the court need not address the issue because the jury did not address it.

a matter of law that plaintiff substantially performed its obligations under the contract. Therefore, the court denies the motion with respect to judgment as a matter of law.

## II. NEW TRIAL

 "A motion for a new trial is not regarded with favor and should only be granted with great caution." *United States v. Thornbrugh*, 962 F.2d 1438, 1443 (10th Cir.), *cert. denied*, 506 U.S. 877, 113 S.Ct. 220, 121 L.Ed.2d 158 (1992). The decision of whether to grant such a motion is committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Royal College Shop. Inc. v. Northern Ins. Co.*, 895 F.2d 670, 677 (10th Cir.1990).

A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties. Fed. R.Civ.P. 61; *Heyen v. United States*, 731 F.Supp. 1488, 1489 (D.Kan.1990), *aff'd*, 945 F.2d 359 (10th Cir.1991). Thus, the movant "must demonstrate trial errors which constitute prejudicial error," *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir.1983), and the court must "ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 553, 104 S.Ct. 845, 848, 78 L.Ed.2d 663 (1984).

Plaintiff, in support of a new trial, once again raises the issue of whether the jury's verdict is contrary to the weight of the evidence. Because such a motion involves a review of the facts presented at trial, such motions are within the sound discretion of the court. *Black v. Hieb's Enterprises, Inc.*, 805 F.2d 360, 363 (10th Cir.1986). The court's inquiry is whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Id.* The court does not conclude from the evidence presented at trial that the jury's verdict in this case is contrary to the weight of the evidence. Accordingly, defendant's motion for new trial on this ground is denied.

Plaintiff also reargues its contention that the jury should have considered the tortious interference claim despite the lack of an actual breach. Because, under Kansas law, an actual breach is necessary to a claim of tortious interference with a contract, *see Classic Communications*, 956 F.Supp. at 921, the jury should not have considered the tortious interference with contract claim and a new trial is not warranted on that basis.

Next, plaintiff argues that the court erroneously instructed the jury on the law regarding Miller Broadcasting's "public interest" affirmative defense. Assuming the instruction was erroneous, the error was not prejudicial because the jury did not consider the "public interest" affirmative defense. The jury ended its deliberations after determining that plaintiff failed to substantially perform its obligations. Thus, the court denies the motion with respect to a new trial.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion (Doc. 114) for judgment as a matter of law or, in the alternative, for a new trial is denied.

**IT IS SO ORDERED.**