**Ernest M. FLEISCHER, Mary Louise Greene, and Ted Greene, Jr., Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, in its capacity as receiver for Franklin Savings Association, and in its capacity as receiver for Franklin Federal Savings Association, Defendant.**

No. CIV. A. 97–2390–GTV.

United States District Court,
D. Kansas.

Sept. 24, 1999.

James Borthwick, Michael Thompson, Michael C. Phillips, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Ernest M. Fleischer, Mary Louise Greene, Ted Greene, Jr., plaintiffs.

Janice M. Karlin, Office of United States Attorney, Kansas City, Charles L. Cope, II, Federal Deposit Insurance Corporation, Office of the General Counsel, Washington, DC, Bernard J. Rhodes, R. Kent Sellers, Robert K. Sellers, Lathrop & Gage L.C., Kansas City, MO, Richard Braun Foley, Federal Deposit Insurance Corp., Washington, DC, for Federal Deposit Insurance Corporation, defendant.

### MEMORANDUM AND ORDER

VANBEBBER, District Judge.

Plaintiffs originally filed this action seeking indemnification pursuant to a Franklin Savings Association bylaw and Kansas corporate indemnification statute, K.S.A. 17–6305, for attorney fees and expenses incurred in defending a lawsuit initiated by defendant in February 1993. The case is before the court on plaintiffs' motion for partial summary judgment (Doc. 68) against defendant in its capacity as receiver for Franklin Savings Association. Plaintiffs seek summary judgment only on the issue of the liability of defendant to indemnify plaintiffs. For the reasons set forth below, plaintiffs' motion is granted.

### I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.* The court must consider the record in the light most favorable to the nonmoving party. *See Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

## II. BACKGROUND

Prior to its seizure and liquidation by federal regulators, Franklin Savings Association functioned as a state chartered stock savings and loan association. In February 1990, the director of the Office of Thrift Supervision (OTS) determined that Franklin Savings Association was in unsafe and unsound condition to transact business and appointed the Resolution Trust Corporation (RTC) as conservator of Franklin Savings Association. In July 1992, the OTS converted the RTC's role with respect to Franklin Savings Association from conservator to receiver and ordered the RTC to liquidate Franklin Savings Association. Simultaneous with this conversion, the OTS issued a charter for a new financial institution, denominated Franklin Federal Savings Association, and appointed the RTC as conservator of Franklin Federal Savings Association. The RTC subsequently transferred certain assets and liabilities of Franklin Savings Association to Franklin Federal Savings Association. In June 1994, the OTS changed the RTC's role with respect to Franklin Federal Savings Association from conservator to receiver and ordered the RTC to liquidate Franklin Federal Savings Association. That same day, the RTC in its role as receiver sold certain assets of Franklin Federal Savings Association to the RTC in its corporate capacity.

In February 1993, the RTC filed suit against a series of former directors and officers of Franklin Savings Association alleging breach of fiduciary duty and negligence in the handling of various investments and transactions on behalf of Franklin Savings Association. (For purposes of simplicity, the court will adopt the parties' suggestion and refer to this case as the directors and officers lawsuit.) Although most of the defendants settled prior to trial, three individuals—Ernest Fleischer, Mary Louise Greene, and Ted Greene, Jr.—opted to have their cases heard by a jury. On May 16, 1996, after hearing more than a month of testimony, the jury returned a verdict in favor of the three defendants. The RTC declined to appeal.

In December 1996, these three prevailing individuals filed administrative claims

with the Federal Deposit Insurance Corporation (FDIC), in its capacity as receiver of Franklin Savings Association, seeking indemnification for attorney fees and costs incurred in defending the lawsuit.[1] They predicated their requests on a contractual provision in the Franklin Savings Association bylaws and a Kansas corporate indemnification statute, K.S.A. 17–6305. After the FDIC failed to issue a ruling on the claims within the 180–day disposition deadline, *see* 12 U.S.C. § 1821(d)(5)(A)(i), the three parties deemed their claims denied. They then commenced this action in August 1997.

On March 19, 1998, this court granted summary judgment in favor of defendant on all claims. On June 8, 1998, the court granted plaintiffs' motion to alter or amend judgment with respect to the claims against the FDIC in its capacity as receiver of Franklin Savings Association. Therefore, only plaintiffs' claims against the FDIC in its capacity as receiver of Franklin Savings Association (FDIC–Receiver/Franklin Savings Association) remain.

## III. DISCUSSION

Plaintiffs seek summary judgment on the liability of FDIC–Receiver/Franklin Savings Association to indemnify them for attorney fees and expenses incurred in the

directors and officers lawsuit and in this suit seeking enforcement of the indemnity agreement. Plaintiffs claim that Franklin Savings Association bylaw 3.10(d)[2] and K.S.A. 17–6305(c)[3] mandate indemnification of corporate officers and directors who successfully defend themselves against lawsuits brought against them in their corporate capacities, regardless of their good faith.[4] Plaintiffs point to identical language in both provisions requiring indemnification of officials who have "been successful on the merits or otherwise in defense of any action, suit or proceeding . . . ."

Defendant argues that summary judgment should be denied for three reasons: (1) Franklin Savings Association bylaw 3.10(d) does not provide for indemnification in actions—such as the directors and officers lawsuit—brought by or in the right of Franklin Savings Association; (2) neither the Franklin Savings Association bylaws nor K.S.A. 17–6305 permits recovery of fees incurred in litigation to enforce indemnification agreements; and (3) plaintiffs had no statutory claim under K.S.A. 17–6305 against Franklin Savings Association when a receiver was appointed, therefore plaintiffs cannot have a statutory claim against the receiver of Franklin Savings Association, and, in any event, 17–

1. The FDIC succeeded the RTC on December 31, 1995, pursuant to the Resolution Trust Corporation Completion Act, 12 U.S.C. § 1441a(m)(1).

2. Franklin Savings Association bylaw 3.10(d) states:

   Notwithstanding the other provisions of this bylaw 3.10, to the extent that a person who is or was serving as a director or officer of the Association . . . has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in paragraphs (a) and (b) of this bylaw 3.10 (including the dismissal of any such action, suit or proceeding without prejudice), or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.

3. K.S.A. 17–6305(c), which the Franklin Savings Association bylaw largely mirrors, provides:

   To the extent that a director [or] officer . . . of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in [K.S.A. 17–6305] subsections (a) and (b), or in defense of any claim, issue or matter therein, such director [or] officer . . . shall be indemnified against expenses actually and reasonably incurred by such person in connection therewith, including attorney fees.

4. It is undisputed that plaintiffs prevailed on every cause of action asserted against them in the directors and officers lawsuit.

6305 does not apply to the receiver of a failed financial institution.

■ First, the court disagrees with defendant's assertion that the directors and officers lawsuit was brought by or in the right of Franklin Savings Association. Even if this court were to assume that the directors and officers lawsuit was brought by or in the right of Franklin Savings Association, the court cannot conclude that Franklin Savings Association bylaw 3.10(d) does not apply to such suits. Franklin Savings Association bylaw 3.10(d) specifically references subsection (a) of Franklin Savings Association bylaw 3.10, which permits indemnification to the extent authorized by Kansas law. Kansas law, pursuant to K.S.A. 17–6305(b) and (c), mandates indemnification of directors and officers who have been successful in the defense of suits brought by or in the right of a corporation. Defendant urges the court to read Franklin Savings Association bylaw 3.10(d) in isolation. Because bylaw 3.10(d) specifically references subsection (a), the two sections must be read together. The court concludes that FDIC–Receiver/Franklin Savings Association assumed the indemnification obligation of bylaw 3.10(d) and that plaintiffs have met the requirements for mandatory indemnification under bylaw 3.10(d).

Defendant next asserts that summary judgment should be denied because neither the Franklin Savings Association bylaws nor K.S.A. 17–6305 permits recovery of fees incurred in litigation to enforce indemnification agreements, i.e. "fees for fees." Pursuant to Franklin Savings Association bylaw 3.10(d), and similarly K.S.A. 17–6305(c), a director or officer who has been successful on the merits or otherwise in defense of an action, "shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith." Defendant urges the court to interpret the "in connection therewith" language narrowly to encompass only attorney fees in the underlying directors and officers lawsuit and prohibiting "fees for fees."

■ In Kansas, interpretation of an unambiguous contract is a judicial function. *See Albers v. Nelson,* 248 Kan. 575, 809 P.2d 1194, 1197 (1991) (citing *Hall v. Mullen,* 234 Kan. 1031, 678 P.2d 169 (1984)). The court concludes that Franklin Savings Association bylaw 3.10(d) is unambiguous and therefore may be properly construed as a matter of law. The court finds the attorney fees incurred in this suit seeking to enforce the indemnity agreement— which mandates indemnity because of the successful defense of the underlying directors and officers lawsuit—to have been incurred "in connection with" the underlying directors and officers lawsuit. *See Missouri Pac. R.R. Co. v. Kansas Gas & Elec. Co.,* 862 F.2d 796, 801 (10th Cir.1988) (indemnity language "arising out of or connected with" permitted award of attorney fees incurred in suit seeking to enforce indemnity agreement); *Chetopa State Bancshares, Inc. v. Fox,* 6 Kan.App.2d 326, 628 P.2d 249, 250–51 (1981) (indemnity language "arising from, or as a result or in respect of" entitled plaintiff to be reimbursed for attorney fees in action to enforce indemnity agreement). The court construes Franklin Savings Association bylaw 3.10(d) and K.S.A. 17–6305(c) to include recovery of fees incurred in this suit seeking enforcement of the indemnity agreement.

■ Finally, defendant contends that summary judgment should be denied because plaintiffs had no statutory claim under K.S.A. 17–6305(c) against Franklin Savings Association at the time the receiver was appointed, and therefore plaintiffs cannot have a statutory claim against the receiver of Franklin Savings Association. Defendant also claims that in any event, K.S.A. 17–6305 does not apply to the receiver of a failed financial institution. The court is unpersuaded by defendant's attempt to avoid the mandatory indemnification provisions of K.S.A. 17–6305(c) simply because plaintiffs' indemnity claim did not

arise until after Franklin Savings Association was in receivership. Additionally, the court finds defendant's reliance on other paragraphs of K.S.A. 17–6305 insufficient to support the contention that K.S.A. 17–6305(c) does not apply to the receiver of a financial institution. Simply because some paragraphs of K.S.A 17–6305—none of which form the basis for plaintiffs' claims—reference board of director approval, the ability to purchase insurance for directors and officers, and the inclusion of corporations involved with consolidation and merger, does not mean that K.S.A. 17–6305(c) does not apply to the receiver of a failed financial institution. The court found no cases, applying either K.S.A. 17–6305 or the Delaware counterpart (Del. Code Ann. tit. 8, § 145), prohibiting indemnification against receivers. The court concludes that the receiver of a financial institution, who brings suit against directors or officers of the corporation for which it is a receiver, is bound by the mandatory indemnification provision of K.S.A. 17–6305(c) to indemnify such directors or officers. Accordingly, the court grants plaintiffs' motion for summary judgment.

IT IS, THEREFORE, ORDERED that plaintiffs' motion for partial summary judgment (Doc. 68) is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**